IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CLINTON LESTER, | * |
| | * |
| Plaintiff, | * |
| | *CIVIL ACTION FILE NO. |
| v. | *_____ |
| | * |
| PILGRIMS PRIDE CORPORATION | * |
| | * **JURY TRIAL DEMANDED** |
| Defendant | * |
| _____ | * |

## COMPLAINT

Plaintiff Clinton Lester ("Plaintiff Lester") brings this complaint against the above-named Defendant, showing that Defendant Pilgrims Pride Corporation ("Defendant Pilgrims Pride") engaged in intentional and willful racial discrimination in violation of 42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. on the following grounds:

## INTRODUCTION

1. Plaintiff Lester was a long-term employee of Defendant Pilgrims Pride that worked for the company for more than fourteen (14) years. He lost thousands of dollars in wages due to the company's failure to promote him because of his race. Only after years and after Plaintiff Lester brought an action with the EEOC did Defendant Pilgrims Pride finally promote Plaintiff

Lester. During the period that Defendant Pilgrims Pride denied Plaintiff Lester the promotion and paid him at a lesser rate, he worked second jobs to support his family in late-2022 and through 2023. This damaged Plaintiff Lester because the increased time that he spent working traded off with the time he could spend with his family. Moreover, as a long-term and loyal employee of Defendant Pilgrims Pride, it humiliated Plaintiff Lester when outside white workers that had no prior employment with the company repeatedly passed him over for the promotion. Plaintiff Lester brings this lawsuit to pursuant to 42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq. to recover his lost wages incurred due to Defendant Pilgrims Prides failure (for years) to promote him due to his race, as well as to recover compensatory damages, punitive damages, attorneys' fees, litigation expenses, and costs.

## PARTIES

2.  Plaintiff Lester is a Black man and resident of the State of Georgia.

3.  Defendant Pilgrims Pride is a Delaware corporation that maintains a Georgia office at 4567 Maysville Road, Commerce, Georgia 30606.

4. Defendant Pilgrims Pride's registered agent is Corporate Service Company and is located at 2 Sun Court, Suite 400, Peachtree Corners, Ga 30092.

5. The Title VII and 42 U.S.C. § 1981 claims herein present federal questions, and this Court properly has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

6. Defendant Pilgrims Pride resides in this judicial district by nature of the location of its registered agent and venue is appropriate under 28 U.S.C. § 1391(b).

7. Plaintiff Lester timely filed a charge of Title VII discrimination with the Equal Employment Opportunity Commission, Charge No. 410-2023-08262. This complaint is filed less than 90 days since the EEOC issued a Notice of Right to Sue.

## FACTUAL ALLEGATIONS

8. Defendant Pilgrims Pride hired Plaintiff Lester on June 10, 2010.

9. Since 2019, Plaintiff Lester worked as a laborer in Defendant Pilgrims Pride's Athens, Georgia hatchery. As a laborer he prepped and prepared baby chicks for shipping.

10. As a laborer, Defendant Pilgrims Pride paid Plaintiff Lester $16.40 an hour.

11. From October to December of 2021 through January 10, 2024, Defendant Pilgrims Pride failed to promote Plaintiff Lester to maintenance because of his race.

12. In the period of October to December of 2021, three maintenance workers left to work at another poultry company.

13. One of the three departing maintenance workers was the plant manager's nephew. The plant manager's nephew told Plaintiff Lester that he had been working there a long time and recommended that he apply for maintenance.

14. At that time, Plaintiff Lester told both Kevin (white) and Andrew Lane (white) that he would like to work in maintenance and asked for help applying.

15. Notably, no Black employees hold leadership positions at the Athens hatchery.

16. Plaintiff Lester went into the office and asked Kevin, "how do you apply to maintenance?" Kevin said, "you apply through us." Plaintiff

Lester said that he wanted to apply for maintenance. Kevin responded that he would run it by Andrew.

17. Then, Plaintiff Lester spoke with Andrew and asked him whether Kevin passed along the message that Plaintiff Lester would like to work in maintenance. Andrew said that yes Kevin had.

18. Defendant Pilgrims Pride filled all three maintenance vacancies with outside white workers.

19. Plaintiff Lester complained to Andrew Lane that he had applied for maintenance. Andrew Lane responded saying he forgot.

20. Plaintiff Lester also asked the head of maintenance to put his name in the hat for a maintenance position.

21. Plaintiff Lester also complained to the head of maintenance saying, "I thought you were going to put my name in the hat." The head of maintenance responded, "oh you don't want to be bothered by that."

22. In the summer of 2023. A white maintenance worker quit and Plaintiff Lester reapplied for the position. Andrew Lane said that he would speak with personnel to see if Plaintiff Lester needed to complete another application.

23. On June 8, 2023, Mr. Lester submitted a pre-Charge Inquiry to the EEOC.

24. Plaintiff Lester filed a Charge of Discrimination with the EEOC on June 23, 2023.

25. Around November 2023, Defendant Pilgrims Pride brought in another white worker.

26. In November 2023, Plaintiff Lester again spoke with Andrew Lane about applying for maintenance.

27. Andrew Lane attempted to discourage Plaintiff Lester from applying saying, "if you take the test and if you don't score high enough, you may make less money. Are you sure you want to do this? Are you sure you want to do this?"

28. On January 10, 2024, Plaintiff Lester received the promotion to maintenance and his pay increased to $20.76 per hour.

### **COUNT I – 42 U.S.C. 1981 - DISCRIMINATION**

29. Plaintiff Lester incorporates the facts asserted in the preceding paragraphs of this complaint as if alleged fully herein.

30. Plaintiff Lester is a member of a protected class as a Black man.

31. Plaintiff Lester was subjected to an adverse employment action when Defendant Pilgrims Pride failed to promote him.

32. Defendant Pilgrims Pride treated similarly situated employees who are not members of the Plaintiff Lester' class more favorably.

33. Plaintiff Lester was qualified for the job at issue.

34. Defendant Pilgrims Pride engaged in intentional employment discrimination based on failing to promote Plaintiff Lester because of his race.

35. Plaintiff Lester had more tenure with the company than the newly-hired white employees and would have been promoted but for his race.

36. Due to Defendant Pilgrims Pride's unlawful actions, Plaintiff Lester was injured and Plaintiff Lester is entitled to punitive and compensatory damages (including pain and suffering), back pay, attorneys' fees, litigation expenses, costs and further relief in an amount to be determined at trial.

### COUNT II: TITLE VII DISCRIMINAITON

37. Plaintiff Lester incorporates the facts asserted in the preceding paragraphs of this complaint as if alleged fully herein.

38. At all times relevant herein, Defendant Pilgrims Pride has been an "employer" within the meaning of Title VII. 42 U.S.C. § 2000e.

39. At all times relevant herein, Plaintiff Lester was an "employee" of Defendant Pilgrims Pride within the meaning of Title VII. 42 U.S.C. § 2000e.

40. Plaintiff Lester was entitled to Title VII protections at all relevant times as a Black man.

41. Defendant Pilgrims Pride failed to promote Plaintiff Lester.

42. Defendant Pilgrims Pride failed to promote Plaintiff Lester because of his race.

43. Plaintiff Lester has suffered and continues to suffer damages as a direct and proximate result of Defendant Pilgrims Pride's discriminatory failure to promote.

44. Plaintiff Lester is entitled to recover from Defendant Pilgrims Pride for the wages and employment benefits he lost as a result of Defendant Pilgrims Pride's unlawful conduct in violation of Title VII, and interest thereon, calculated at the prevailing rate, as well as compensatory damages, punitive damages, attorneys' fees, litigation expenses, and costs.

WHEREFORE

a) Adjudge Defendant Pilgrims Pride to have engaged in unlawful employment practices in violation of 42 U.S.C. § 1981 and Title VII.

b) Enjoin Defendant Pilgrims Pride from engaging in unlawful employment practices in violation of 42 U.S.C. § 1981 and Title VII;

c) Award Plaintiff Lester appropriate back pay with prejudgment interest;

d) Award Plaintiff Lester compensatory damages for his mental and emotional distress caused by Defendant Pilgrims Pride's intentional race-based discrimination;

e) Award Plaintiff Lester punitive damages to deter and punish the Defendant Pilgrims Pride's intentional race-based discrimination;

f) Award reasonable attorneys' fees, litigation expenses, and costs against Defendant Pilgrims Pride;

g) Grant a trial by jury;

h) Grant such other and further relief as the court deems just and proper.

Respectfully submitted this 17th day of June, 2024.

By: */s/ Julie H. Burke*
Julie H. Burke
Georgia Bar No. 448095
**HILL, KERTSCHER & WHARTON, LLP**
3625 Cumberland Blvd, SE, Suite 1050
Atlanta, GA 30339
Tel: (770) 953-0995

Fax: (770) 953-1358
Email: jb@hkw-law.com

*Attorney for Plaintiff Lester*